[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the plaintiffs' request for admissions under Super. Ct. R. Civ. P. 36 and defendant's objection thereto pursuant to Super. Ct. R. Civ. P. 36(a)(2).
FACTS
In their personal injury action filed on February 27, 1991, Marguerite Duffy, Rhonda Vashey, and Debra Kelley ("plaintiffs") allege they incurred injuries while traveling in a prisoner transport van from the Providence County Superior Courthouse to the A.C.I. — Women's Prison on November 26, 1990. The plaintiffs further allege that defendant John Doe, a state marshall, badge #20, driver of the van, stopped abruptly, causing plaintiffs personal injury. Plaintiffs also name John Doe's employer, the State of Rhode Island, as a defendant under the doctrine of respondeat superior. Specifically, Debra Kelley and Marguerite Duffy claim to have incurred injuries from which they continue to suffer pain and anguish; Rhonda Vashey claims to have suffered permanent disfigurement.
On April 2, 1991, defendants answered plaintiffs' complaint giving fifteen affirmative defenses. Now before this Court is plaintiffs' request for admissions, pursuant to Super. Ct. R. Civ. P. 36, for defendant to admit the following:
 That those vans that are used by the State of Rhode Island, State Marshall's Office, to transport prisoners to and from the Adult Correctional Institute and various state courts do not contain seat belts and/or shoulder restraints for the passengers/prisoners.
To the above request, the defendants have on June 26, 1991, timely filed an objection. In addition to punitive damages, plaintiffs seek compensation for injuries, lost wages, and earning capacity, as well as future pain and suffering.
ARGUMENT FOR OBJECTION
Defendants base their objection to plaintiffs' request for admissions on the ground that the "facts" the plaintiffs seek to have admitted are totally irrelevant and inadmissible. Commentators on Rhode Island Rules of Civil Practice have noted that "[t]here is much virtue in the approach that unless it can be shown by the objecting party that under no possible circumstances could a document be admissible, the objection based on relevancy should be overruled". Kent, Rhode Island Practice
(1969), 297-298. Defendants cite Swajian v. General MotorsCorporation, 559 A.2d 1041 (R.I. 1989), to support their objection. In Swajian the court held evidence of safety belt use not admissible in a product liability case. Id.
This Court finds defendants' reliance on Swajian misplaced. In Swajian, the court clearly indicated that it was considering the "admissibility of evidence of the use or nonuse of anavailable safety belt." 559 A.2d at 1045 (emphasis added). The court made no ruling whatsoever on the admissibility of evidence relating to whether a seat belt was in fact available in a vehicle.
Swajian held that because no duty exists at either statutory or common law in Rhode Island to wear a safety belt in ordinary vehicular travel, "all evidence relating to safety belt use or nonuse is irrelevant and inadmissible on the issues of comparative fault." 559 A.2d at 1045. However, R.I. Gen. Laws §§31-23-39 and 31-23-40 create a statutory duty to provide safety belts in motor vehicles. Information relating to a possible statutory duty may prove essential to plaintiffs' case. Therefore, defendants' admissions would be relevant. Thus, evidence relating to the availability of safety belts, distinguished from their use, should be ruled admissible for this action.
This Court finds that admissions are made for the purposes of this action only. Pursuant to Super. Ct. R. Civ. P. 36(b), such admissions remain subject to objection made later at trial.
CONCLUSION
For the reasons herein above set out, this Court finds defendants' objection to plaintiffs' request for admissions to be insufficient. Accordingly, this Court grants plaintiffs' request and overrules defendants' objections. Counsel shall prepare the appropriate order for entry.